IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re: *

CLIPPER CITY BREWING COMPANY, L.P. * Case No: 26-22440-MMH
(Chapter 11)

Debtor *

* * * * * * * * * * * *

EMERGENCY MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTOR'S INTERIM AND FINAL USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361, 363 AND 552, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED.R.BANKR.P. 4001

**[A MOTION TO SHORTEN TIME IS FILED HEREWITH]**

Clipper City Brewing Company, L.P. dba Heavy Seas Beer, the debtor and debtor in possession (the "Debtor"), by counsel, files this Emergency Motion for an Order (I) Authorizing the Debtor's Interim and Final Use of Cash Collateral pursuant to 11 U.S.C. §§ 361, 363 and 552, (II) Granting Adequate Protection, and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. § 363(c)(2) and Fed.R.Bankr.P. 4001 (the "Motion"). In support of this Motion, the Debtor relies on the Affidavit of Hugh J. Sisson in Support of the Motion (the "Sisson Affidavit"), which is **Exhibit 1** hereto and is incorporated herein by reference. The Debtor also relies upon the Motion to Shorten Time to Respond to First-Day Motions and Request for Expedited Hearing. In further support of this Motion, the Debtor states as follows:

Jurisdiction and Venue

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. The statutory basis for relief is 11 U.S.C. § 363 (the "Bankruptcy Code"), and Rules 4001 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Background

**A. General Background**

4. On November 8, 2026, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession

of its property and manages its financial affairs as a debtor in possession pursuant to § 1184 of the Bankruptcy Code.

5. The Debtor, a craft brewing company, is a Delaware limited partnership, formed in 1994 by Hugh Sisson. The Debtor is authorized to do business in Maryland, and maintains its headquarters in Halethorpe, Maryland. In 2010, the Debtor rebranded as Heavy Seas Beer. In 2017, the Debtor opened its taproom in Halethorpe. Today, the Debtor continues to sell beer at its taproom and also distributes beer to over a dozen states throughout the eastern United States from Massachusetts to Florida. The Debtor has many well-known, and award winning beers including Loose Cannon IPA and Hazy Cannon, which won grand champion for IPAs and Hazy IPAs at the United States Beer Tasting Championship in 2024.

6. Currently, the Debtor's general partner is Sisson Management, Inc., an entity wholly owned and operated by Hugh Sisson, its president and sole shareholder. The Debtor also has 29 limited partners, including Hugh Sisson personally.

7. Over the past several years, the Debtor has faced increasing financial pressure, in part due to the impact from the general decrease in the consumption of craft beer throughout the country, as well as Hugh Sisson's decision to retire after operating the Debtor for over 30 years.

**B. Lien on Cash Collateral**

8. Wells Fargo Bank, National Association ("Wells Fargo") is the primary creditor with the lien on the Debtor's Cash Collateral (defined below).

9. The Hugh and Janet Sisson Revocable Trust (the "Sisson Revocable Trust") has a second position lien on all of the Debtor's assets pursuant to a UCC-1 Financing Statement filed October 12, 2026.

10. On March 30, 2023, the Debtor as borrower executed a Promissory Note in the original principal amount of $3,020,500.00 in favor of Wells Fargo (the "Note"). Pursuant to the Note, the Debtor granted Wells Fargo a lien against "all monies, securities, securities accounts, brokerage accounts, [and] deposit accounts". Also on March 30, 2023, the Debtor as grantor executed a Commercial Security Agreement, granting Wells Fargo a lien against "[a]ll Inventory, Chattel Paper, Accounts, Equipment, General Intangibles and Fixtures" in connection with the Note (the "Security Agreement"). Accordingly, the Note and Security Agreement provide Wells

Fargo with a lien on cash collateral, as defined in § 363(a) of the Bankruptcy Code ("Cash Collateral").

11. On April 10, 2024, Wells Fargo filed a UCC-1 against the Debtor with the Delaware Department of State, Filing No. 20232649589, which includes as collateral all "Accounts, Chattel Paper, Equipment and General Intangibles". A copy of Wells Fargo's UCC-1 is attached hereto as **Exhibit 2**.

12. As of the Petition Date, the outstanding balance of the Note is approximately $2,330,740.34, and the outstanding balance owed to the Sisson Revocable Trust is approximately $400,506.43. A copy the Sisson Revocable Trust's UCC-1 is attached hereto as **Exhibit 3**.

Summary of Relief Requested Pursuant to Bankruptcy Rule 4001(b)

13. During this case, the Debtor requires the use of Cash Collateral to meet its necessary expenses as is seeks to license its intellectual property and sell certain equipment to Union and prepare for an auction of substantially all of its remaining assets, including but not limited to payroll, rent, insurance, utilities, taxes, and vendors so that it may maintain and preserve the value of its assets for the benefit of its estate and creditors.

14. The Debtor seeks the interim use of Cash Collateral, including cash on hand as well as any other proceeds received in the future by the Debtor during an initial ninety (90) day period (the "Interim Period") unless sooner terminated under the terms of the proposed interim cash collateral order filed with the Motion or such other order to which the Debtor and Wells Fargo may agree (the "Interim Order"). During the Interim Period, the Debtor seeks to use the Cash Collateral to pay the monthly operating expenses as set forth in the budget. The budget (the "Budget") is attached hereto as **Exhibit 4**.

15. After the Interim Period, the Debtor seeks to use the Cash Collateral for a period of ninety (90) days subject to renewal.

16. The Debtor's use of Cash Collateral will be governed by the Budget and conditioned upon the terms and conditions of the orders and will be used for the limited operations of the Debtor's business as it prepares its plan of reorganization, which it intends to enhance the value of the Debtor's assets for the benefit of the Debtor's estate, owners and creditors, including Wells Fargo.

17. In exchange for access to Cash Collateral, the Debtor offers the following adequate protection to Wells Fargo: the Debtor (a) shall provide timely financial information setting forth its income, expenditures and use of Cash Collateral in compliance with the Budget; (b) shall keep its assets in good working order, maintenance and repair, (c) request that the Court grant Wells Fargo a replacement lien on the same assets it held prepetition liens and all products and proceeds thereof in the Interim Period, (d) shall uses Wells Fargo for all of its debtor-in-possession bank accounts and (e) shall timely pay its monthly obligation of principal and interest totaling $39,737.00 per month to Wells Fargo. The Debtor submits that the foregoing adequately protects Wells Fargo for the use of Cash Collateral.

18. Entry of the Interim Order, and later the ninety-day (90) Final Order, is (a) critical to the Debtor's ability to maximize value for its creditors, (b) in the best interest of the Debtor and its estate, and (c) necessary to avoid immediate and irreparable harm to the Debtor, its owners, creditors, assets, and business.

Relief Requested and Grounds Therefor

19. The standards governing a debtor's use of cash collateral are set forth in 11 U.S.C. § 363(c)(2), which provides:

> The trustee [or debtor-in-possession] may not use, sell, or lease cash collateral under paragraph 1 of this subsection, unless -
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

20. The "provisions of this section" referenced in § 363(c)(2) include § 363(e), which provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

21. The Debtor respectfully submits that the proposed use of Cash Collateral is necessary to preserve its assets during the case and will avoid immediate and irreparable harm

to the Debtor's estate and creditors, including Wells Fargo. Specifically, the Debtor requires the use of the Cash Collateral to pay the Debtor's necessary expenses while it continues to operate before it is able to license and otherwise liquidate its assets under the supervision of this Court.

22. As set forth below, Wells Fargo's alleged interests are adequately protected through, among other things: (a) budgetary constraints which allow spending on day-to-day operations to preserve or enhance the value of the collateral, (b) financial reporting, (c) a replacement lien on the same assets on which it held prepetition liens and all products and proceeds thereof in the Interim Period, (d) the Debtor using Wells Fargo for all of its debtor-in-possession bank accounts, and (e) offered payments of $39,737.00 per month to Wells Fargo. Accordingly, the use of Cash Collateral directly benefits the estate and creditors by enhancing the prospects of a successful liquidation and license of the Debtor's assets.

23. If the Debtor is not permitted to use the Cash Collateral, the Debtor will not be able to meet its post-petition expenses, and the orderly liquidation and license of its assets, which would maximize value to the estate and creditors would be jeopardized.

24. The Office of the U.S. Trustee and the Subchapter V trustee have been advised of this motion and have no opposition to the requested relief. Debtor's counsel consulted with Wells Fargo counsel Raychelle Tasher and Timothy Scott, and Wells Fargo has no opposition to the requested relief. The Hugh and Janet Sisson Revocable Trust consents to the relief requested.

25. Accordingly, the Debtor respectfully submits that entry of an order authorizing the interim use of Cash Collateral until entry of the final order approving the Motion, and scheduling a final hearing to approve the use of Cash Collateral is necessary and appropriate, and in the best interest of creditors and the estates.

## Notice

26. Notice of this Motion has been given to the following parties or to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Subchapter V trustee; (iii) Wells Fargo, (iv) the Debtor's twenty largest unsecured creditors; and (v) all parties that have requested service of pleadings pursuant to Fed.R.Bankr.P. 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

Waiver of Memorandum of Law

27. Pursuant to Local Rule 9013-2, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

No Prior Request

28. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtor requests that the Court (A) enter the Interim Order granting the relief requested herein, including (1) authorizing the Debtor's use of cash including Cash Collateral pursuant to the terms of the Interim Order (including the Budget), (2) finding that the interests of the Wells Fargo are adequately protected, and (3) granting related relief; (B) schedule an interim hearing and a final hearing; and (C) grant to the Debtor such other and further relief as the Court deems just and proper.

/s/ Paul Sweeney

Paul Sweeney, 07072
Jonathan A. Grasso, 19278
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-5972
psweeney@yvslaw.com

Counsel for Debtor

CERTIFICATE OF SERVICE

I hereby certify that, on the 10th day of November 2026, notice of filing the Emergency Motion for an Order (I) Authorizing the Debtor's Interim and Final Use of Cash Collateral Pursuant to 11 U.S.C. §§ 361, 363 and 552, (II) Granting Adequate Protection, and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. § 363(c)(2) and Fed.R.Bankr.P. 4001 (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list; and a copy of the Motion was sent by electronic mail and/or mailed first class, postage prepaid to the Debtor's secured creditors, the Debtor's twenty largest unsecured creditors and all parties that have requested service of pleadings pursuant to Bankruptcy Rule 2002, as shown on the attached service list.

/s/ Paul Sweeney
Paul Sweeney

**The following parties received a copy of the filing by first class mail and/or electronic mail:**

Angela L. Shortall, Subchapter V Trustee
348 Thompson Creek Mall, Suite 339
Stevensville, Maryland 21666
ashortall@3cubed-as.com

Hugh and Janet Sisson Revocable Trust
23467 Turtle Grass Street
Millville, Delaware 19967
hugh@hsbeer.com

Microstar Keg Management, L.L.C.
P. O. Box 912392
Denver, Colorado 80291-2857
accountsreceivable@microstarkegs.com

PR III CREP Hollins Ferry Road Owner LLC c/o Cushman & Wakefield
P. O. Box 40112
Newark, New Jersey 07101
jamahl.gill@cushwake.com

Wells Fargo Bank, N.A.
420 Montgomery Street
San Francisco, California 94163-0001
bankruptcynoticesdfvendor@wellsfargo.com
bankruptcynoticesexceptions@wellsfargo.com

Ardagh Glass Inc.
P. O. Box 417913
Boston, Massachusetts 02241-7914
jocelyn.walker@ardaghgroup.com

Ball Corporation
P. O. Box 830162
Philadelphia, Pennsylvania 19182-0162
askcorporate@ball.com

BSG Craftbrewing
P. O. Box 74769
Chicago, Illinois 60694-4769
accountsreceivable@bsgcraft.com

Citi Business A*Advantage Card
Citibank/Centralized Bankruptcy
P. O. Box 790034
St. Louis, Missouri 63179
citi.bnc.correspondence@citi.com

Cleanedge
3121 Wilmarco Drive
Baltimore, Maryland 21223
ar@cleanedgeco.com

Echo Global Logistics
Attn: Accounts Receivable
22168 Network Place
Chicago, Illinois 60673-1221
max.hostager@echo.com

Elan/Atlantic Union Bank
1051 East Cary Street
Richmond, Virginia 23219
Fax 866-807-9053

GEA North America, Inc.
9165 Rumsey Road
Columbia, Maryland 21045
Fax 410 997 5021

Ingersoll-Rand Industrial U.S., Inc.
525 Harbour Place Drive, Suite 600
Davidson, North Carolina 28036
its_remittance@irco.com

John I. Haas, Inc.
c/o Registered Agents Legal Serv. LLC
1013 Centre Road, Suite 403S
Wilmington, Delaware 19805
accountsreceivable@johnihaas.com

King Pallet, Inc.
1112 Hengemihle Avenue
Essex, Maryland 21221
butch@kingpallet.com

MaltEurop
6737 West Washington Street, Suite 4204
Milwaukee, Wisconsin 53214
customersuccess@malteurop.com

MJ Distribution
711 West 40th Street, Suite 210A
Baltimore, Maryland 21211
robin@mjdistribute.com

P.E. USA, Inc.
Lockbox 933208
4100 West 150th Street
Cleveland, Ohio 44135
accountsreceivable@pe-us.com

Roberts Oxygen Company, Inc.
P. O. Box 5507
Rockville, Maryland 20855
info@robertsoxygen.com

WestRock
P. O. Box 409813
Atlanta, Georgia 30384-9424
accountsreceivable@westrock.com

Yakima Chief-Hopunion LLC
306 Division Street
Yakima, Washington 98902
megan.soules@yakimachief.com

**The following parties received CM/ECF notice of the filing:**

Hugh M. Bernstein, Esquire
(hugh.m.bernstein@usdoj.gov)
United States Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Paul Sweeney, Esquire
(psweeney@yvslaw.com)
Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201