IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| CLIPPER CITY BREWING COMPANY, L.P. | * | Case No: 26-22440-MMH (Chapter 11) |
| Debtor | * | |

* * * * * * * * * * * *

MOTION FOR ORDER AUTHORIZING AND
APPROVING DEBTOR-IN-POSSESSION FINANCING

Clipper City Brewing Company, L.P., the debtor and debtor in possession herein (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 364(c) (the "Bankruptcy Code") and Fed.R.Bankr.P. 4001(c) and Local Rule 4001-4, files this Motion for Order Authorizing and Approving Debtor-in-Possession Financing (the "Motion"), and states:

Jurisdiction and Venue

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is § 364(c) of the Bankruptcy Code.

Background

3. On November 8, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code. [Dkt. # 1]. The Debtor continues to manage its property and affairs as a debtor and debtor in possession pursuant to § 1184 of the Bankruptcy Code.

4. The Debtor designated itself as a small business debtor, as that term is set forth in Bankruptcy Code § 101(51D), and as is reflected on its voluntary petition, elected to have subchapter V (the Small Business Reorganization Act of 2019) of Chapter 11 apply to its case.

5. No official committee of unsecured creditors will be appointed pursuant Bankruptcy Code § 1181(b).

6. No request for a trustee or examiner has been made in this Chapter 11 case other than the standing trustee pursuant to Bankruptcy Code § 1183(a). No party has made any request to remove the Debtor as a debtor in possession pursuant to Bankruptcy Code § 1185.

7. The Debtor, a craft brewing company, is a Delaware limited partnership, formed in 1994 by Hugh Sisson. The Debtor is authorized to do business in Maryland, and maintains its headquarters in Halethorpe, Maryland. In 2010, the Debtor rebranded as Heavy Seas Beer. In 2017, the Debtor opened its taproom in Halethorpe. Today, the Debtor continues to sell beer at its taproom and also distributes beer to over a dozen states throughout the eastern United States from Massachusetts to Florida. The Debtor has many well-known, and award-winning beers including Loose Cannon IPA and Hazy Cannon, which won grand champion for IPAs and Hazy IPAs at the United States Beer Tasting Championship in 2024.

8. The Debtor's general partner is Sisson Management, Inc., an entity wholly owned and operated by Hugh Sisson, its president and sole shareholder. The Debtor also has 29 limited partners, including Hugh Sisson personally.

9. Over the past several years, the Debtor has faced increasing financial pressure, in part due to the impact from the general decrease in the consumption of craft beer throughout the country, as well as Hugh Sisson's decision to retire after operating the Debtor for over 30 years.

10. Therefore, the Debtor has determined that the filing of this Chapter 11 case to request Court approval for the sale and/or licensing of substantially all of its assets will maximize value to all creditors of the Debtor's estate. The sale of the Debtor's tangible assets will also allow the Debtor to timely leave its leased space, for which the current lease term ends on May 31, 2027.

11. The Debtor requires additional funds to facilitate a plan for advancing the case, including the funds to pay the costs of administering its Chapter 11 case. Therefore, the Debtor has determined it will be necessary to borrow funds on a postpetition basis of approximately One Hundred Thousand Dollars ($100,000.00).

12. The terms of the financing are described below, as required under Bankruptcy Rule 4001(c)(1)(B). **CREDITORS AND OTHER PARTIES IN INTEREST ARE ENCOURAGED TO CAREFULLY REVIEW THE TERMS OF THE FINANCING.**

13. The Hugh and Janet Sisson Revocable Trust (the "Lender") has agreed to loan the Debtor up to One Hundred Thousand Dollars ($100,000.00) (the "Loan") for the above-stated purposes upon the following terms:

(a) Interest Rate: Interest on the loan shall accrue at eight percent per annum;

(b) Security: The Loan shall be secured by a junior lien on the Debtor's business assets as listed on Schedule B of the Debtor's bankruptcy schedules, subordinate to Wells Fargo Bank's senior lien on such assets;

(c) Documentation: The Debtor will issue a promissory note payable to the Lender in the amount up to One Hundred Thousand Dollars ($100,000.00);

(d) Court Approval: The Loan is conditioned upon the entry of an Order approving same, consistent with the foregoing terms and conditions; and

(e) Funding: The Lender will fund the Loan within ten (10) days of entry of a Court Order approving this Motion.

14. The proceeds of the Loan shall be used to pay the operating expenses of the Debtor in accordance with the 90-day budget proposed in the Debtor's Motion for Use of Cash Collateral filed concurrently with this Motion.

## Relief Requested

15. By this Motion, the Debtor seeks the entry of an Order pursuant to § 364(c)(3) of the Bankruptcy Code authorizing the Lender to provide junior secured financing to the Debtor.

## Legal Standard

16. Pursuant to § 364(c) of the Bankruptcy Code, if a debtor is unable to obtain unsecured credit allowable as an administrative expense, then the Court, after notice and a hearing, may authorize the debtor to obtain credit or incur debt "(1) with priority over any and all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) secured

by a lien on property of the estate that is not otherwise subject to a lien; or (3) secured by a junior lien on property of the estate that is subject to a lien." 11 U.S.C. § 364(c).

17. Generally, § 364(c) of the Bankruptcy Code requires debtors to demonstrate that they are unable to obtain unsecured credit allowable under § 503(b)(1) as an administrative expense pursuant to § 364. *See In re Ames Dep't Stories, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("a debtor is not required to seek credit from every possible source. . . [but only to] show that it has made a reasonable effort to seek other sources of credit available"); *Bray v. Shenandoah Fed. Sav. & Loan Ass'n* (*In re Snowshoe Co.*), 789 F.2d 1085, 1088 (4th Cir. 1986) (finding that although there is "no duty to seek credit from every possible lender before concluding that such credit is unavailable," the statute requires a debtor to show "by a good faith effort that credit was not available without the senior lien").

18. Against this statutory backdrop, courts evaluate the facts and circumstances of a debtor's case, and typically accord significant weight to the debtor's business judgment regarding the necessity for obtaining the financing. *See, e.g., Snowshoe*, 789 F.2d at 1088; *Ames*, 115 B.R. at 40. For example, the need for a swift injection of cash to preserve a debtor's business satisfies the requirements of § 364 when coupled with unsuccessful attempts to locate alternative financing. *See Snowshoe*, 789 F.2d at 1088.

19. In cases where the proposed post-petition lender is an insider of the Debtor within the scope of Bankruptcy Code § 101(31)(B), courts have applied a heightened standard of review. *See In re SPAC Recovery Co*., 676 B.R. 260, 273 (Bankr. S.D.N.Y. 2026). In *SPAC Recovery*, the U.S. Bankruptcy Court for the Southern District of New York applied the "entire fairness" test, under which courts are "concerned with the integrity and entire fairness of the transaction at issue, typically examining whether the process and price of a proposed transaction not only appear fair but are fair and whether fiduciary duties were properly taken into consideration." *Id*. at 269.

20. The entire fairness test requires the conflicted fiduciaries (the Debtor and Lender) to demonstrate that the proposed transaction as a whole is objectively fair on both

procedural and substantive grounds—that is, the deal is "the product of both fair dealing and fair price." *Id.* at 273 (citations omitted).

21. In order to obtain the Loan, the Debtor has agreed to grant the Lender a blanket junior lien on the business assets of the Debtor pursuant to 11 U.S.C. § 364(c)(3). Such transaction as a whole is objectively fair, particularly considering the reasonable terms of the Loan, the Debtor's financial condition, and the lack of non-insider lenders willing to extend financing on less onerous terms.

22. The terms and conditions of the financing, including the price, are objectively fair and reasonable under the circumstances. The Debtor is currently unable to borrow funds in the usual course of business. It is also unable to obtain unsecured financing with priority over any and all administrative expenses of the kind specified in § 503(b)(1) or 507(b). The Lender is only willing to extend the Loan pursuant to the terms described herein.

23. In exchange for the junior lien on the Debtor's business assets, which is subordinate to Wells Fargo's preexisting senior lien on such assets, the Debtor is receiving a loan of up to One Hundred Thousand Dollars ($100,000.00). Additionally, the Loan will accrue interest at a fair rate of 8% per annum.

24. These terms are less onerous than those approved in *SPAC Recovery* under the entire fairness test. In that case, the court approved insider financing provided in exchange for a first-priority lien, over creditor objections, where no reasonable third-party funding alternatives were available. *SPAC Recovery*, 676 B.R. at 268, 275. Here, there are similarly no third-party funding alternatives available, but the Lender is willing to extend the Loan in exchange for a security interest in the Debtor's assets that is subordinate to Wells Fargo's existing senior lien, rather than requiring a priming lien.

25. The proposed transaction is the product of fair dealing, as the Debtor first sought financing through arm's length negotiations with non-insiders before resorting to the proposed Loan. Prepetition, the Debtor tried to obtain financing from outside lenders, including additional loans from Wells Fargo; such attempts were unsuccessful due to the Debtor's financial condition and existing liabilities. The Lender loaned the Debtor $400,000 to ensure the Debtor

could continue paying operating expenses and employee wages up to the Petition Date. *See* Promissory Note dated October 8, 2026, a copy of which is attached as **Exhibit 1**.

26. While not dispositive under heightened scrutiny, the Debtor's decision to enter into the proposed financing with the Lender represents an exercise of sound business judgment consistent with its fiduciary duties. Without the financing, the Debtor will not have the funds to administer this bankruptcy case, which is the best and only means to maximize and preserve the value of the estate.

27. In seeking authority for the financing, the Debtor acts in good faith and with due regard for its obligations and responsibilities, legal and equitable, to its creditors. The consequences of failing to approve the financing would be harmful to the Debtor, its estate, its creditors, and other parties in interest. Without prompt action on this Motion, the Debtor's ability to move the bankruptcy case forward will be lost. Accordingly, approval of the financing is in the best interest of the Debtor, its creditors and the estate.

28. No previous application for the relief requested herein has been made to this or any other court.

Notice

29. Notice of this Motion has been given to the following parties or to their counsel, if known: (i) Hugh and Janet Sisson Revocable Trust; (ii) the Office of the United States Trustee; (iii) the Subchapter V trustee; (iv) the Debtor's prepetition secured lenders; (v) the Debtor's twenty largest unsecured creditors; and (vi) all parties that have requested service of pleadings pursuant to Bankruptcy Rule 2002. The Debtor requests that the notices set forth in this paragraph be deemed adequate and complete under the circumstances and that any further notice of the Motion or of the relief requested herein be dispensed with and waived.

30. Pursuant to Local Bankruptcy Rule 9013-2, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, for the reasons stated herein, the Debtor requests that the Court enter an Order:

A. Granting the Motion;

B. Authorizing the Hugh and Janet Sisson Revocable Trust to provide a loan to the Debtor pursuant to the terms set forth herein and § 364 of the Bankruptcy Code; and

C. Granting such other and further relief as justice and equity may require.

/s/ Paul Sweeney

Paul Sweeney, 07072
Jonathan A. Grasso, 19278
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-5972 / (443) 569-0758
psweeney@yvslaw.com/jgrasso@yvslaw.com

Counsel for Debtor

CERTIFICATE OF SERVICE

I hereby certify that, on the 10th day of November 2026, notice of filing the Motion for Order Authorizing and Approving Debtor-in-Possession Financing (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list; and a copy of the Motion was mailed first class, postage prepaid and/or sent by electronic mail to the parties so identified on the attached service list.

/s/ Paul Sweeney

Paul Sweeney

**The following parties received a copy of the filing by first class mail and/or electronic mail:**

Hugh and Janet Sisson Revocable Trust
23467 Turtle Grass Street
Millville, Delaware 19967
hugh@hsbeer.com

Microstar Keg Management, L.L.C.
P. O. Box 912392
Denver, Colorado 80291-2857
accountsreceivable@microstarkegs.com

PR III CREP Hollins Ferry Road Owner LLC c/o Cushman & Wakefield
P. O. Box 40112
Newark, New Jersey 07101
jamahl.gill@cushwake.com

Wells Fargo Bank, N.A.
420 Montgomery Street
San Francisco, California 94163-0001
bankruptcynoticesdfvendor@wellsfargo.com
bankruptcynoticesexceptions@wellsfargo.com

Ardagh Glass Inc.
P. O. Box 417913
Boston, Massachusetts 02241-7914
jocelyn.walker@ardaghgroup.com

Ball Corporation
P. O. Box 830162
Philadelphia, Pennsylvania 19182-0162
askcorporate@ball.com

BSG Craftbrewing
P. O. Box 74769
Chicago, Illinois 60694-4769
accountsreceivable@bsgcraft.com

Citi Business A*Advantage Card
Citibank/Centralized Bankruptcy
P. O. Box 790034
St. Louis, Missouri 63179
citi.bnc.correspondence@citi.com

Cleanedge
3121 Wilmarco Drive
Baltimore, Maryland 21223
ar@cleanedgeco.com

Echo Global Logistics
Attn: Accounts Receivable
22168 Network Place
Chicago, Illinois 60673-1221
max.hostager@echo.com

Elan/Atlantic Union Bank
1051 East Cary Street
Richmond, Virginia 23219
Fax 866-807-9053

GEA North America, Inc.
9165 Rumsey Road
Columbia, Maryland 21045
Fax 410 997 5021

Ingersoll-Rand Industrial U.S., Inc.
525 Harbour Place Drive, Suite 600
Davidson, North Carolina 28036
its_remittance@irco.com

John I. Haas, Inc.
c/o Registered Agents Legal Serv. LLC
1013 Centre Road, Suite 403S
Wilmington, Delaware 19805
accountsreceivable@johnihaas.com

King Pallet, Inc.
1112 Hengemihle Avenue
Essex, Maryland 21221
butch@kingpallet.com

MaltEurop
6737 West Washington Street, Suite 4204
Milwaukee, Wisconsin 53214
customersuccess@malteurop.com

MJ Distribution
711 West 40th Street, Suite 210A
Baltimore, Maryland 21211
robin@mjdistribute.com

P.E. USA, Inc.
Lockbox 933208
4100 West 150th Street
Cleveland, Ohio 44135
accountsreceivable@pe-us.com

Roberts Oxygen Company, Inc.
P. O. Box 5507
Rockville, Maryland 20855
info@robertsoxygen.com

WestRock
P. O. Box 409813
Atlanta, Georgia 30384-9424
accountsreceivable@westrock.com

Yakima Chief-Hopunion LLC
306 Division Street
Yakima, Washington 98902
megan.soules@yakimachief.com

**The following parties received CM/ECF notice of the filing:**

Angela L. Shortall, Subchapter V Trustee
348 Thompson Creek Mall, Suite 339
Stevensville, Maryland 21666
ashortall@3cubed-as.com

Hugh M. Bernstein, Esquire
(hugh.m.bernstein@usdoj.gov)
United States Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Paul Sweeney, Esquire
(psweeney@yvslaw.com)
Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201