# EXHIBIT 1

# PROMISSORY NOTE
(Line of Credit)

US $400,000.00

October 8, 2026

FOR VALUE RECEIVED, the undersigned CLIPPER CITY BREWING COMPANY, L.P., a Delaware limited partnership ("Borrower"), promises to pay to the order of the HUGH AND JANET SISSON REVOCABLE TRUST ("Lender"), the total principal sum of Four Hundred Thousand and 00/100 Dollars (US $400,000.00), with interest on the amount drawn thereon, until the principal sum is paid in full at the rate hereinafter set forth, according to the terms of this Note, the Security Agreement and other Loan Documents, all of even date herewith. The face amount of this Note is the Lender's Committed Amount. The actual unpaid balance of the principal amount of this Note outstanding at any time shall be the unpaid indebtedness of the Borrower to the Lender debited to the Borrower's account with the Lender as of the date of computation.

1. Defined Terms. As used in this Note, (i) the term Lender means the holder of this Note, and (ii) the term Indebtedness means the principal of, interest on, or any other amounts due at any time under, this Note, the Security Agreement or any other Loan Documents. Event of Default, and other capitalized terms used but not defined in this Note, shall have the meanings given to such terms in the Security Agreement.

2. Address for Payment. All payments due under this Note shall be payable at 23467 Turtle Grass Street, Millville, Delaware 19967, or such other place as may be designated by written notice to Borrower from or on behalf of Lender.

3. Payment of Principal and Interest. Principal and interest payments shall be paid as follows:

> Interest only payments at the prime rate of interest on the total sums actually disbursed to Borrower, or for its account, pursuant to and in accordance with the Security Agreement, shall be due and payable monthly, beginning on the first day of the month commencing on November 1, 2026, and continuing on the like day of each month thereafter until all principal and interest are paid in full. PROVIDED, HOWEVER, the unpaid balance of the indebtedness evidenced hereby, at the option of the holder hereof, shall be payable ON DEMAND, and any such demand shall operate as an acceleration of the maturity of said entire balance of principal and interest effective immediately following such demand. Said interest rate shall increase or decrease at a floating and fluctuating rate equal to the prime rate of interest. The term "prime rate of interest" as used herein is defined as the prevailing corporate prime rate as published daily in The Wall Street Journal, or its successor publication. Each time the prime rate of interest shall change, the rate of interest on the unpaid balance of the principal sum shall change immediately and contemporaneously with each such change of the prime rate of interest and shall be adjusted and charged to said Borrower on the due date following the month during which there is a change in the Bank's prime rate of interest. The interest rate referred to herein shall be calculated on an Actual/360 day basis.

4. Proceeds of Loan. The proceeds of the loan are to be used by Borrower for the refinance of an existing Line of Credit loan with, and/or other payments required to be made to, Wells Fargo Bank, National Association, for general purposes for the business and for administrative expenses of any bankruptcy filing by Borrower, and is collateralized by a second

lien (after Wells Fargo Bank, National Association's lien) on personal property located at 4615 Hollins Ferry Road, Halethorpe, Maryland in Baltimore County, which is more particularly described in the Security Agreement executed by Guarantor of even date herewith. All fixtures, machinery, equipment, and other personalty which may now or hereafter be located on, installed in, or used in connection with, the operation of the business is hereinafter collectively referred to as the "Property".

5. Application of Payments. If at any time Lender receives, from Borrower or otherwise, any amount applicable to the indebtedness which is less than all amounts due and payable at such time, Lender may apply that payment to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion. Borrower agrees that neither Lender's acceptance of a payment from Borrower in an amount that is less than all amounts then due and payable nor Lender's application of such payment shall constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction.

6. Security. This Note is the Note issued pursuant to the provisions of a certain Security Agreement (the Security Agreement) of even date herewith by and between the Borrower and the Lender and is secured, among other things, by a second lien on certain collateral described in and covered by the Security Agreement and other Loan Documents, (as defined in the Security Agreement). The Lender is entitled to the rights and benefits of the Security Agreement and the collateral described in such Security Agreement and the other Loan Documents.

7. Acceleration. If an Event of Default has occurred and is continuing, the entire unpaid principal balance, any accrued interest, and all other amounts payable under this Note and any other Loan Document shall at once become due and payable, at the option of Lender, without any prior notice to Borrower. Lender may exercise this option to accelerate regardless of any prior forbearance.

8. Late Charge. If any monthly amount payable under this Note or under the Security Agreement or any other Loan Document is not received by Lender within fifteen (15) days after the amount is due, Borrower shall pay to Lender, immediately and without demand by Lender, a late charge equal to 10% percent of such amount. Borrower acknowledges that its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the loan evidenced by this Note (the "Loan"), and that it is extremely difficult and impractical to determine those additional expenses. Borrower agrees that the late charge payable pursuant to this Paragraph represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional expenses Lender will incur by reason of such late payment.

9. Default Rate. So long as any monthly installment or any other payment due under this Note remains past due for thirty (30) days or more, interest under this note shall accrue on the unpaid principal balance from the earlier of the due date of the first unpaid monthly installment or other payment due, as applicable, at a rate (the "Default Rate") equal to the lesser of four percentage points (4%) above the rate stated in the first paragraph of this note or the maximum interest rate which may be collected from Borrower under applicable law. If the unpaid principal balance and all accrued interest are not paid in full on the Maturity Date, the unpaid principal balance and all accrued interest shall bear interest from the Maturity Date at the Default Rate. Borrower also acknowledges that its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the Loan, that, during the time that any monthly installment or payment under this Note is delinquent for more than thirty (30) days, Lender will incur additional costs and expenses arising from its loss of the use of the money due and from the adverse impact on Lender's ability to meet its other obligations and to take advantage of other investment opportunities, and that it is extremely difficult and impractical to determine those additional costs and expenses. Borrower also acknowledges that, during the time that any monthly installment or other payment due under this Note is delinquent for more than thirty (30) days, Lender's risk of nonpayment of this Note will be materially increased, and Lender is entitled to be compensated for such increased risk. Borrower agrees

that the increase in the rate of interest payable under this Note to the Default Rate represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional costs and expenses Lender will incur by reason of the Borrowers delinquent payment and the additional compensation Lender is entitled to receive for the increased risks of nonpayment associated with a delinquent loan.

10. Voluntary Prepayments. The undersigned shall have the right to prepay without penalty the principal amount outstanding, in whole or in part. Any partial prepayment shall be applied against the principal amount outstanding and shall not extend or postpone the due date of any subsequent installment or change the amount of such installment, unless the holder hereof shall otherwise agree in writing.

11. Costs and Expenses. Borrower shall pay on demand all reasonable expenses and costs, including fees and out-of-pocket expenses of attorneys and expert witnesses and costs of investigation, incurred by Lender as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of any of the other Loan Documents, including those incurred in post-judgment collection efforts and in any bankruptcy proceeding (including any action for relief from the automatic stay of any bankruptcy proceeding) or judicial or non-judicial foreclosure proceeding.

12. Confession of Judgment. The undersigned further hereby authorize and empower any attorney of any court of record in the State of Maryland, or elsewhere, to appear in any court or courts of the State of Maryland, or elsewhere, at anytime after default and confess judgment against the undersigned either jointly or severally, in favor of the holder of this Note for the amount then due thereon, including principal, interest, all costs and charges of suit and attorney's fees of fifteen percent (15%) of the amount due thereon.

13. Forbearance. Any forbearance by Lender in exercising any right or remedy under this Note, the Security Agreement, or any other Loan Document or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of that or any other right or remedy. The acceptance by Lender of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of Lender's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment. Enforcement by Lender of any security for Borrower's obligations under this Note shall not constitute an election by Lender of remedies so as to preclude the exercise of any other right or remedy available to Lender.

14. Waivers. Presentment, demand, notice of dishonor, protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace, and diligence in collecting the Indebtedness are waived by Borrower, and all endorsers and guarantors of this Note and all other third party obligors.

15. Loan Charges. Borrower agrees to pay an effective rate of interest equal to the sum of the interest rate provided for in this Note and any additional rate of interest resulting from any other charges of interest or in the nature of interest paid or to be paid in connection with the loan evidenced by this Note and any other fees or amounts to be paid by Borrower pursuant to any of the other Loan Documents. Neither this Note nor any of the other Loan Documents shall be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate greater than the maximum interest rate permitted to be charged under applicable law. If any applicable law limiting the amount of interest or other charges permitted to be collected from Borrower in connection with the Loan is interpreted so that any interest or other charge provided for in any Loan Document, whether considered separately or together with other charges provided for in any other Loan Document, violates that law, and Borrower is entitled to the benefit of that law, that interest or charge is hereby reduced to the extent necessary to eliminate that violation. The amounts, if any, previously paid to Lender in excess of the permitted amounts shall be applied by Lender to reduce the unpaid principal balance of this Note. For the purpose of determining whether any applicable law limiting the amount of interest or other charges permitted to be collected from Borrower has

been violated, all indebtedness that constitutes interest, as well as all other charges made in connection with the indebtedness that constitute interest, shall be deemed to be allocated and spread ratably over the stated term of the Note. Unless otherwise required by applicable law, such allocation and spreading shall be effected in such a manner that the rate of interest so computed is uniform throughout the stated term of the Note.

16. Commercial Purpose. Borrower represents that the indebtedness is being incurred by Borrower solely for the purpose of carrying on a business or commercial enterprise, and not for personal, family or household purposes.

17. Counting of Days. Except where otherwise specifically provided, any reference in this Note to a period of "days" means calendar days, not Business Days.

18. Governing Law. This Note shall be governed by and construed under the laws of the State of Maryland.

19. Captions. The captions of the paragraphs of this Note are for convenience only and shall be disregarded in construing this Note.

20. Notices. All notices, demands and other communications required or permitted to be given by Lender to Borrower pursuant to this Note shall be given in accordance with the Security Agreement.

21. Consent to Jurisdiction and Venue. Borrower agrees that any controversy arising under or in relation to this Note shall be litigated exclusively in the jurisdiction in which the Property is located (the "Property Jurisdiction"). The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Note. Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

**22. WAIVER OF TRIAL BY JURY. BORROWER (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS NOTE OR THE RELATIONSHIP BETWEEN THE PARTIES AS LENDER AND BORROWER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN BY BORROWER, KNOWINGLY AND VOLUNTARILY, WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.**

IN WITNESS WHEREOF, Borrower has signed and delivered this Note under seal or has caused this Note to be signed and delivered by its duly authorized representative under seal.

WITNESS:

Caroline Sisson

BORROWER:

CLIPPER CITY BREWING COMPANY, L.P.

By: SISSON MANAGEMENT, INC., its general partner

By: Hugh J. Sisson (SEAL)
Hugh J. Sisson, President